**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000530
30-JUN-2022
07:55 AM
Dkt. 59 SO**

NO. CAAP-20-0000530


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RYAN M. GIUGLIANO, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-19-03328)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and McCullen, JJ.)

Defendant-Appellant Ryan M. Giugliano (**Giugliano**) appeals from the District Court of the Third Circuit's[1] July 29, 2020 Judgment and Notice of Entry of Judgment, convicting him of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2020), as a second offense within ten years of a prior OVUII conviction, subjecting him to enhanced sentencing pursuant to HRS § 291E-61(b)(2) (2020).[2]

---

[1] The Honorable Margaret K. Masunaga presided.

[2] HRS § 291E-61 provides as follows:

>      (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
>           (1) While under the influence of alcohol in an amount sufficient to impair the person's normal
>
> (continued...)

On appeal, Giugliano contends there was insufficient evidence to convict him of OVUII and demonstrate a prior conviction for OVUII within the prior ten years of the instant offense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Giugliano's contentions as follows, and reverse.

Hawaiʻi County Police Department Officer Michael Collings (**Officer Collings**) testified that he responded to a one-moped accident fronting the Aliʻi Lani Condominiums (**Aliʻi Lani**) on October 29, 2019, at approximately 1:00 in the afternoon. When he arrived on the scene, he observed medics attempting to speak with Giugliano.

Officer Collings first made contact with the witness who reported the accident, Matt Flugy (**Flugy**). Flugy provided Officer Collings with the keys to the moped and a bottle of medication prescribed to Giugliano.

While Officer Collings spoke with Flugy, Giugliano "had pushed the moped farther north through the parking lot and [was]

---

[2]  (...continued)
mental faculties or ability to care for the person and guard against casualty;

. . . .

(b)  A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:

. . . .

(2)  For an offense that occurs within ten years of a prior conviction for an offense under this section[.]

detained by Officer Toloumu . . . ."  After speaking with Flugy, Officer Collings went over to Giugliano and saw that the moped was damaged on both sides.  Giugliano was uncooperative and only provided his first name, but a registered owner check of the moped came back as belonging to Giugliano.

Officer Collings testified that Giugliano was unsteady on his feet, swayed back and forth, stumbled a little bit, and had a strong odor of an alcoholic beverage emanating from his breath.  At the police station, Officer Collings observed that Giugliano had glassy eyes and dilated pupils.

Officer Collings obtained video surveillance from cameras pointing at the entrance of Aliʻi Lani and north through its parking lot.  Officer Collings testified that the video showed Giugliano walking into the parking lot with no moped. The video then showed Flugy pushing a moped from Aliʻi Drive into the parking lot.  Giugliano returned near the entrance, took the moped, and pushed it through the parking lot until he was stopped by an officer.

Officer Collings also testified that Aliʻi Drive is a public road and that traffic can freely enter and exit the Aliʻi Lani parking lot:

> [Deputy Prosecuting Attorney (DPA):]  Oh, I have one further question actually.  Um, is Aliʻi Drive a, um, public road?
>
> [Officer Collings:]  Yes, it is.
>
> [DPA:]  And, um, is there any, uh, kind of locked gate or fence, um, at the entrance of the [Aliʻi] Lani condo complex?
>
> [Officer Collings:]  No, there is not.
>
> [DPA:]  Can traffic, um, foot and vehicle traffic come and go freely from that parking lot?
>
> [Officer Collings:]  Yes.

A copy of the surveillance video was admitted into evidence. Flugy did not testify. After reviewing the evidence and finding Officer Collings credible, the district court adjudged Giugliano guilty.

Here, the State was required to prove beyond a reasonable doubt that Giugliano "operate[d] or assume[d] actual physical control of a vehicle . . . [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]" HRS § 291E-61(a)(1). "Operate" means "to drive or assume actual physical control of a vehicle upon a public way, street, road, or highway . . ." and "[p]ublic way, street, road, or highway" includes a "parking lot, when any part thereof <u>is open for use by the public</u> or to which the <u>public is invited for entertainment or business purposes</u>[.]" HRS § 291E-1 (2020) (emphases added).

The dispositive question here is whether there was sufficient evidence to support a conclusion that Giugliano operated his moped on a public way, street, road, or highway. <u>State v. Wheeler</u>, 121 Hawaiʻi 383, 393, 219 P.3d 1170, 1180 (2009) (holding that "the operation of a vehicle on a public way, street, road, or highway is an attendant circumstance of the offense of OVUII, and is therefore an element of the offense"). The test on appeal is whether, viewing the evidence in the strongest light for the prosecution, "there was substantial evidence to support" the district court's conclusion. <u>State v. Matavale</u>, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007). Substantial evidence is "credible evidence which is of sufficient

4

quality and probative value to enable [a person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." Id. at 158, 166 P.3d at 331 (citation omitted).

Even when considering the evidence in the strongest light for the State, there was insufficient evidence to support the district court's conclusion that Giugliano operated the moped on a public way, street, road, or highway. There was no direct evidence of Giugliano operating the moped on Aliʻi Drive. Based on the record, an accident was reported on Aliʻi Drive, the damaged moped was registered to Giugliano, and there was medication prescribed to Giugliano. It cannot be reasonably or rationally inferred from this evidence that Giugliano operated or assumed control of the moped on Aliʻi Drive. Video surveillance showed Giugliano walking into the parking lot from Aliʻi Drive with no moped, and it was Flugy who was pushing the moped from Aliʻi Drive and in possession of the keys. Also, there was no evidence to infer that the damages to the moped resulted from the reported accident. Without more, the evidence adduced was not sufficient to reasonably or rationally infer that Giugliano operated or assumed control of the moped on Aliʻi Drive.

Moreover, the district court appears to have reached its ruling based on Giugliano pushing the moped through the parking lot by finding that there was "no locked fence at [Aliʻi] Lani condominium. It's, um, right by the Aliʻi Drive public road." However, for a parking lot to be a public way, street, road, or highway for HRS § 291E-61 purposes, the State must prove that "any part thereof is open for use by the public or to which

5

the public is invited for entertainment or business purposes." HRS § 291E-1.

Officer Collings testified that there was no locked gate or fence and that traffic could freely come and go, but the mere ability to ingress and egress did not establish that part of the parking lot was open for the public's use or that the public was invited for entertainment or business purposes. The testimony referred to the property as a condominium, and the video in evidence showed numbered parking spaces marked with the word "reserved." Without more, the evidence adduced was not sufficient to establish that the parking lot was a public way, street, road, or highway as defined by HRS § 291E-1.

Accordingly, there was insufficient evidence to support the district court's conclusion that Giugliano was guilty of OVUII and, thus, we need not address Giugliano's challenge to the enhanced sentencing.

Based on the foregoing, we reverse the district court's July 29, 2020 Judgment and Notice of Entry of Judgment. See State v. Abel, 134 Hawaiʻi 333, 334, 341 P.3d 539, 540 (2014) (reversing the judgment of conviction where insufficient evidence was adduced to prove an element of the offense).

DATED: Honolulu, Hawaiʻi, June 30, 2022.

On the briefs:

Andrew I. Kim,
Deputy Public Defender,
for Defendant-Appellant.

Kori A. Weinberger,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge